[No. 713. Decided February 24, 1893.]

WILLIAM H. PILLING, *Respondent*, v. WILLARD A. MORSE, *Appellant*.

PLEADING AND PROOF — VARIANCE — HARMLESS ERROR — INSTRUCTIONS.

In an action upon a promissory note, in which the complaint alleged that plaintiff had loaned defendant the money, there is no variance when the evidence shows that the money had been loaned to defendant by the plaintiff's wife, but was in fact the plaintiff's money.

Error in permitting a leading question to be asked is harmless when the question is upon an immaterial matter.

Where, in an action for $100 money loaned, it is brought out on cross-examination of the plaintiff that he had previously loaned the defendant $100, which had been paid, there is no error in the court's charging that "the court will instruct you on this point . . . that this $100 is the $100 which the plaintiff claims was loaned by Mrs. Pilling to the defendant, not any other; . . . the court called your attention to that particularly for the purpose of impressing on your minds that we are not trying any other $100 transaction between the parties, and the testimony in this case has fixed this $100 transaction, and unless that occurred the plaintiff cannot recover on that."

*Appeal from Superior Court, King County.*

*John Fairfield*, and *Daniel T. Cross*, for appellant.

*Allen & Powell*, for respondent.

The opinion of the court was delivered by

Scott, J.—The plaintiff brought an action against the defendant to recover the sum of $280, on several causes of action pleaded in his complaint, one of which was upon a promissory note for the sum of $100. He obtained judgment, and the defendant appealed.

The first error alleged is as to testimony admitted in relation to the cause of action upon the note. The testimony showed that the money had been obtained by the defendant from the plaintiff's wife. The plaintiff testified that it was his money. Appellant alleges that the proof was inadmissible because of the allegation in the complaint that the plaintiff had loaned the defendant this money. There is no substance in this point. It is immaterial whether the defendant obtained the money from the hand of the plaintiff or whether it was delivered by his wife.

The next error alleged is upon a question which the plaintiff's attorney asked the plaintiff. It was objected to as leading. The court permitted an answer. The question went to an immaterial matter and was of no consequence with regard to the matter in controversy.

The last objection raised is with reference to an instruction which the court gave the jury. It is as follows:

"The second cause of action is for $100 loaned money which he claims that was loaned by the plaintiff to the defendant and the court will instruct you on this point that this $100, for the purpose of distinguishing it from any other $100, that this $100 is the $100 which the plaintiff claims was loaned by Mrs. Pilling to the defendant, not any other, and the plaintiff cannot recover for any other than that in any event; he is limited in his proof to that particular transaction. The court does not indicate in any manner as to what the evidence is; you are the judge; the court called your attention to that particularly for the purpose of impressing on your minds that we are not trying any other $100 transaction between the parties, and the

testimony in this case has fixed this $100 transaction. And unless that occurred the plaintiff cannot recover on that; if it did occur, of course you will find for the plaintiff on that cause of action."

It is contended by the appellant that this instruction was objectionable because there was a controversy as to the particular $100 which the plaintiff had loaned the defendant. It appeared from the cross examination of the plaintiff by the defendant's attorney that he had previously loaned the defendant $100, and that the defendant had paid it. But there was no controversy as to this prior loan, and it was in nowise made an issue by the plaintiff. He only sought to recover for one $100 loan. The defendant was not injured by the instruction.

Affirmed.

DUNBAR, C. J., and HOYT, STILES and ANDERS, JJ., concur.